## UNITED STATES DISTRICT COURT FOR THE
## FOR THE DISTRICT OF COLUMBIA

MARTIN SCAHILL
101 S. Cameron Street
Sterling, VA 20164

    Plaintiff,

      v.                                               Civ. No.

DISTRICT OF COLUMBIA
1350 Pennsylvania Ave NW
Washington, DC 20004

    Serve:  Office of the Attorney General
        For the District of Columbia
        Darlene Fields or Tonia Robinson
        441 4th Street NW, 6th Floor South
        Washington, DC 20001

        Mayor for District of Columbia
        Civil Litigation Division
        Darlene Fields
        441 4th Street NW, Suite 600 South
        Washington, DC 20001

D.C. ALCOHOLIC BEVERAGE CONTROL
BOARD
2000 14th Street NW
S400
Washington, DC 20009

    Serve: Office of the Attorney General
        For the District of Columbia
        Darlene Fields or Tonia Robinson
        441 4th Street NW, 6th Floor South
        Washington, DC 20001

JOHN DOES 1-10 (*being the fictitious names of agents and employees of the ABC Board who are not presently known to Plaintiff*)

    Defendants.

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

## COMPLAINT

Plaintiff Martin Scahill alleges for his Complaint herein:

### PRELIMINARY STATEMENT

1.      This is a civil rights action arising from the unconstitutional conditions Defendants placed on a liquor license they issued to HRH Services LLC on May 18, 2016.  In violation of Plaintiff's constitutional rights, Defendants have prohibited Plaintiff from entering into a business relationship with HRH Services LLC and from even stepping foot into the restaurant owned by HRH Services LLC, the Alibi. Specifically, Defendant D.C. Alcoholic Beverage Control Board ("ABC Board") issued a liquor license to HRH Services, LLC subject to the conditions that required HRH Services LLC, *inter alia*, to bar Martin Scahill from entering the Alibi restaurant for five (5) years and prohibiting HRH Services LLC "employ[ing] Martin Scahill as a manager, employee, independent contractor, or volunteer" for five (5) years.

2.      The conditions imposed on the Liquor License infringe upon Mr. Scahill's constitutional right to freedom of association, his constitutional right to freedom of movement, and his substantive due process right to liberty.  Similarly, because Mr. Scahill was not a party to the license application, Defendants' restrictions on his liberty interests without any procedural due process constitute violations of the Fifth Amendment to the United States Constitution. Finally, the conditions placed on the Liquor License violate the "unconstitutional conditions doctrine."

3.      Plaintiff seeks a declaration that the conditions placed on the Liquor License as set forth in ¶ 13(a)-(l) are unconstitutional and an injunction directing the ABC Board to remove the conditions from the Liquor License.

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

## JURISDICTION AND VENUE

4.      This civil rights action is brought pursuant to, *inter alia*, the First and Fifth

Amendments to the United States Constitution, 42 U.S.C. § 1983, and other state and federal

laws for relief from commission of tortious acts. This Court has jurisdiction over this claim

pursuant to 28 U.S.C. § 1331.

5.      Venue is proper in this Court pursuant to the provisions of 28 U.S.C. §

1391(b)(2) as the acts and/or omissions alleged in this Complaint occurred in the District of

Columbia.  Moreover, the Defendants are found in, reside, or transact business in the District of

Columbia.

## PARTIES AND RELEVANT PERSONS

6.      Plaintiff Martin Scahill is a citizen of Virginia. Mr. Scahill does not have an

ownership interest in HRH Services LLC.   At all times relevant, the ABC Board certified Mr.

Scahill as an individual fit to manage any bar or night club in the District of Columbia by

issuing Mr. Scahill an ABC Manager's License.

7.      HRH Services LLC is a limited liability company formed under the laws of the

District of Columbia with its principal place of business located in the District of Columbia.

HRH Services LLC, trading as the Alibi, operates a restaurant located at 237 2nd Street NW,

Washington, DC 20001.  At all times relevant, HRH Services LLC was coerced as a government

agent to bar Mr. Scahill of entry into the Alibi restaurant in violation of his constitutional rights.

8.      Defendant District of Columbia is a municipality and the legal entity responsible

for the acts and omissions of the individuals employed by the D.C. Alcohol beverage Control,

including the issuance of liquor licenses to applicants in the District of Columbia.   The District

of Columbia was given notice of the underlying facts and circumstances of this lawsuit pursuant

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

to D.C. Code § 12-309.

9.      The D.C. Alcoholic Beverage Control Board is a government agency created in and for the District of Columbia pursuant to D.C. Code § 24–211.

10.     In addition to named Defendants, unknown employees of the ABC Board sued herein in their individual capacity under the fictitious names of JOHN DOES 1-10 because their true names, capacities and/or degree of responsibility for the acts alleged herein are unknown to Plaintiff at this time.  When Plaintiff ascertains this information, he will amend this Complaint accordingly.  John Does 1-10 are or were at all times mentioned herein employees of the ABC Board. Plaintiff is informed and believes, and thereon alleges, that John Does 1-10 are legally liable to Plaintiff in some part for the wrongful acts and omissions of which Plaintiff complains herein.

## FACTS COMMON TO ALL COUNTS

11.     In or about January 2015, HRH Services LLC applied to the ABC Board for a "New Retailer's Class CR License" for the Alibi restaurant located at 237 2nd Street NW, Washington, DC 20001.

12.     Plaintiff is not an owner of HRH Services LLC.

13.     On May 18, 2016, the ABC Board approved the liquor license application for HRH Services LLC (License No. 97969) ("Liquor License").  The Liquor License is an On-premises Retailer Class C issued to restaurants in the District of Columbia.  The Liquor License was issued by Defendants subject to the following conditions:

  a.  For the purposes of this Order, Martin Scahill is identified as the former owner of My Brother's Place (ABRA License No. 071593) and the applicant listed in the application filed by Melles Hospitality Group (ABRA License No. 93491).

  b.  The license holder shall execute and maintain a barring notice against Martin Scahill to prohibit him from entering or accessing the licensed premises for a

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

period of five years from January 27, 2016, to January 27, 2021. The license holder shall notify the Board in writing by certified mail within 10 days if the barring notice becomes ineffective or is otherwise rescinded.

c.  The license holder shall maintain a copy of the barring notice on the premises at all times while the barring notice is in effect The license holder or their agent shall make a copy of the notice available for inspection and review upon the request of an official with ABRA or MPD.

d.  The license holder, their managers, or other agents shall notify MPD anytime the owners or their agents witness, or have reason to believe, a violation of the barring notice has occurred or Martin Scahill is present on the premises. The license holder or their agent shall notify MPD within twenty-four (24) hours of the violation.

e.  The license holder shall not intentionally permit or allow Martin Scahill to remain on the premises.

f.  The license holder shall not directly or indirectly transfer or attempt to transfer ownership of the establishment to Martin Scahill.

g.  The license holder shall not permit Martin Scahill to obtain an interest in the business, establishment, or license. The term "interest" includes " ... the ownership or other share of the operation, management, or profits of a licensed establishment." D.C. Official Code § 25-101(26).

h.   The license holder shall not employ Martin Scahill as a manager, employee, independent contractor, or volunteer.

i.  The license holder shall not permit or allow Martin Scahill to work or volunteer at the establishment. The term "work" or "volunteer, includes, but is not limited to, accepting payments from customers; bartending; cleaning; cooking; checking identifications; providing security; performing construction or renovating the premises; purchasing or placing orders for alcoholic beverages or food; obtaining supplies on behalf of the business; taking customer orders, or serving food or beverages.

j.  The license holder shall not permit Martin Scahill to manage the establishment or its employees. The term "manage" includes, but is not limited to, directing, hiring, supervising, or firing employees or spending money on behalf of the business.

k.  The license holder shall not provide Martin Scahill with access or control over any financial accounts maintained by the business.

l.  The license holder is advised that the Board deems a violation of these conditions a serious offense, which may merit the revocation of the license or

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

denial of future license applications.

      m.   The conditions contained in this Order shall expire on January 28, 2021.

14.   On or about May 31, 2016, HRH Services LLC moved for reconsideration of the conditions placed on the Liquor License by the ABC Board.

15.   On June 29, 2016, the ABC Board denied the motion for reconsideration.

16.   On October 6, 2016, the ABC Board issued a Notice of Status and Show Cause Hearing.  In that Notice, the Board alleged that Mr. Scahill was seen at the Alibi Restaurant four months earlier on June 10, 2016, in violation of the conditions placed on the Liquor License. Specifically, the ABC Board threatened revocation of the Liquor License for HRH Services LLC's alleged violation of the Board's Order that stated:

> On May 18, 2016, the Board issued Order Number 2016-280 (Order) relating to your establishment. Page 36 of the Order states you 'shall execute and maintain a barring notice against Martin Scahill to prohibit him from entering the licensed premises for a period of five years from January 27, 2016, to January 27, 2021[.]' The Order further states you 'shall not intentionally permit or allow Martin Scahill on the premises.'

> Additionally you were ***forbidden from employing 'Martin Scahill*** as a manager, employee, independent contractor or volunteer.' Likewise, page 37 of the Order states you 'shall not permit or allow Martin Scahill to work or volunteer at the establishment.' Moreover, the Order provides that you 'shall notify MPD anytime the owners or their agents witness, or have reason to believe [. .. .] Martin Scahill is present on the premises. [You or your agent] shall notify MPD within twenty-four (24) hours of the violation.'

(emphasis added). As a result of those allegations, Defendant ABC Board charged HRH Services LLC with failure to follow the Board's Order as it pertained to the conditions on the Liquor License.

## COUNT I
**42 U.S.C. § 1983 Claims for Violations of the Plaintiff's Freedom of Association and Speech Under the First Amendment to the United States Constitution**

17.   The Plaintiff realleges and incorporates by reference the allegations contained in

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

the preceding paragraphs of this Complaint as if fully set forth herein.

18.     Defendants acted under color of law and acted or purported to act in the performance of official duties under federal, state, county or municipal laws, ordinances, or regulations.  Defendants acted by and through Donovan Anderson, Nick Alberti, Mike Silverstein, and James Short who were acting in their official capacity as members of the ABC Board.

19.     Defendants have deprived Mr. Scahill of his constitutional right to freedom of association and speech required by the First Amendment to the United States Constitution through their policies, which include:

a.   Mandating that HRH Services LLC "execute and maintain a barring notice against Martin Scahill to prohibit from entering or accessing the [Alibi restaurant] for a period of five years…"

b.   Requiring HRH Services LLC to "notify MPD [within 24 hours] anytime the owners or their agents witness, or have reason to believe, a violation of the barring notice has occurred or Martin Scahill is present on the premises."

c.   Prohibiting HRH Services LLC from "permit[ing] or allow[ing] Martin Scahill to remain on the premises."

d.   Restricting HRH Services LLC from "transfer[ing] or attempt to transfer ownership of [the Alibi restaurant] to Martin Scahill."

e.   Prohibiting Martin Scahill from "obtain[ing] an interest in the business, establishment, or license."

f.   Barring HRH Services LLC from "employ[ing] Martin Scahill as a manager, employee, independent contractor, or volunteer."

g.   Proscribing HRH Services LLC from "allow[ing] Martin Scahill to work or volunteer," which includes without limitation, "accepting payments from customers; bartending; cleaning; cooking; checking identifications; providing security; performing construction or renovating the premises; purchasing or placing orders for alcoholic beverages or food; obtaining supplies on behalf of the business; taking customer orders, or serving food or beverages."

h.   Prohibiting Martin Scahill from "manag[ing] the establishment or its

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

employees," which includes "directing, hiring, supervising, or firing any employees or spending money on behalf of the business."

    i.   Mandating that HRH Services LLC shall not provide "Martin Scahill with access or control over any financial accounts maintained by the business."

20.    Defendants' policy and practices detailed in ¶ 13(a)-(l) were the direct and proximate cause of the violation of Plaintiff's constitutional rights and his injuries.

21.    Defendants' policy and practices detailed in ¶13(a)-(l), which prohibit Mr. Scahill from entering into any type of business relationship with HRH Services LLC, is a direct assault on Mr. Scahill's and HRH Services LLC freedom of association and speech.

22.    Defendants' conduct violated clearly established constitutional rights of which Defendants knew, or of which a reasonable public official should have known.

23.    Defendants further retaliated against Mr. Scahill and HRH Services LLC for exercising their First Amendment right to freedom of association, freedom of speech, and freedom to petition when Defendants charged HRH Services LLC with violating D.C. Code § 25-823.  Even more egregious, Defendants did not bring the charge when the violation allegedly occurred (June 10, 2016), but instead only after Defendants learned that Plaintiff contested the conditions placed on the Liquor License.

24.    The actions, omission, policies, patterns, practices and customs of Defendants, complained of herein were intentional, reckless, and show a callous disregard for, or deliberate indifference to Mr. Scahill's personal freedom, and civil and constitutional rights.

25.    These violations are compensable pursuant to 42 U.S.C. § 1983. As a direct and proximate result of these Defendants' conduct, Mr. Scahill has suffered economic damages and significant emotional harm.

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

## COUNT II
### 42 U.S.C. § 1983 Claims for Violations of the Plaintiff's Freedom of Movement and Liberty Under the Fifth Amendment to the United States Constitution

26.     The Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

27.     Defendants acted under color of law and acted or purported to act in the performance of official duties under federal, state, county or municipal laws, ordinances, or regulations.  Defendants acted by and through Donovan Anderson, Nick Alberti, Mike Silverstein, and James Short who were acting in their official capacity as members of the ABC Board.

28.     Defendants have deprived Mr. Scahill of his constitutional right to freedom of travel and freedom of movement in violation of the Fifth Amendment to the United States Constitution through their policies, which include:

    a.  Mandating that HRH Services LLC "execute and maintain a barring notice against Martin Scahill to prohibit from entering or accessing the [Alibi restaurant] for a period of five years…"

    b.  Requiring HRH Services LLC to "notify MPD [within 24 hours] anytime the owners or their agents witness, or have reason to believe, a violation of the barring notice has occurred or Martin Scahill is present on the premises."

    c.  Prohibiting HRH Services LLC from "permit[ing] or allow[ing] Martin Scahill to remain on the premises."

29.     Defendants have deprived Mr. Scahill of his constitutional right to liberty in violation of the Fifth Amendment to the United States Constitution through their policies, which include:

    a.  Prohibiting HRH Services LLC from "permit[ing] or allow[ing] Martin Scahill to remain on the premises."

    b.  Restricting HRH Services LLC from "transfer[ing] or attempt to transfer ownership of [the Alibi restaurant] to Martin Scahill."

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

- 9 -

c. Prohibiting Martin Scahill from "obtain[ing] an interest in the business, establishment, or license."

d. Barring HRH Services LLC from "employ[ing] Martin Scahill as a manager, employee, independent contractor, or volunteer."

e. Proscribing HRH Services LLC from "allow[ing] Martin Scahill to work or volunteer," which includes without limitation, "accepting payments from customers; bartending; cleaning; cooking; checking identifications; providing security; performing construction or renovating the premises; purchasing or placing orders for alcoholic beverages or food; obtaining supplies on behalf of the business; taking customer orders, or serving food or beverages."

f. Prohibiting Martin Scahill from "manag[ing] the establishment or its employees," which includes "directing, hiring, supervising, or firing any employees or spending money on behalf of the business."

g. Mandating that HRH Services LLC shall not provide "Martin Scahill with access or control over any financial accounts maintained by the business."

30.     The arbitrary and malicious nature of the conditions imposed by Defendants on the Liquor License is shown by the mere fact that Mr. Scahill is permitted by Defendants to obtain employment from any other bar or restaurant in the District of Columbia, including those in the immediate vicinity of the Alibi.  Similarly, the ABC Board certified Mr. Scahill as an individual fit to manage any bar or night club in the District of Columbia by issuing Mr. Scahill an ABC Manager's License, yet has impermissibly banned Mr. Scahill from entering the Alibi and/or obtaining employment from the Alibi.

31.     Defendants' policy and practices detailed in ¶ 13(a)-(l) were the direct and proximate cause of the violation of Plaintiff's constitutional rights and his injuries.

32.     Defendants' conduct violated clearly established constitutional rights of which Defendants knew, or of which a reasonable public official should have known.

33.     The actions, omission, policies, patterns, practices and customs of Defendants, complained of herein were intentional, reckless, and show a callous disregard for, or deliberate

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

indifference to Mr. Scahill's personal freedom, and civil and constitutional rights.

34.     These violations are compensable pursuant to 42 U.S.C. § 1983. As a direct and proximate result of these Defendants' conduct, Mr. Scahill has suffered economic damages and significant emotional harm.

### COUNT III
**42 U.S.C. § 1983 Claims for Violations of Plaintiff's Procedural Due Process Rights Under the Fifth Amendment to the United States Constitution**

35.     The Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

36.     Defendants acted under color of law and acted or purported to act in the performance of official duties under federal, state, county or municipal laws, ordinances, or regulations.  Defendants acted by and through Donovan Anderson, Nick Alberti, Mike Silverstein, and James Short who were acting in their official capacity as members of the ABC Board.

37.     Defendants have deprived Mr. Scahill of his constitutional right to liberty and deprived him of this liberty without due process of law as required by the Fifth Amendments to the United States Constitution.  Defendants' policies set forth in ¶ 13(a)-(l), which are hereby incorporated by reference, deprived Mr. Scahill of his constitutional rights of freedom speech, freedom association, freedom to travel, and liberty.  Defendants deprived Mr. Scahill of these constitutional rights without affording him any procedural due process, including without limitation, the right to notice and a hearing.

38.     Defendants' conduct violated clearly established due process constitutional rights of which Defendants knew, or of which a reasonable public official should have known.

39.     The actions, omission, policies, patterns, practices and customs of Defendants,

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

complained of herein were intentional, reckless, and show a callous disregard for, or deliberate indifference to Mr. Scahill's personal freedom, and civil and constitutional rights.

40. Defendants' failure to provide Mr. Scahill with any procedural due process have deprived Mr. Scahill from effectively challenging the agency action, or creating a full administrative record ripe to challenge the deprivation of his constitutional rights.

41. These violations are compensable pursuant to 42 U.S.C. § 1983. As a direct and proximate result of these Defendants' conduct, Mr. Scahill has suffered economic damages and significant emotional harm.

**COUNT IV**
**Unconstitutional Conditions Placed On the Liquor License**

42. The Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

43. The Liquor License qualifies as a governmental benefit. The ABC Board has required HRH Services LLC to curtail its (and Mr. Scahill's) rights to liberty, property, freedom of association, and freedom of speech to receive the government benefit of the Liquor License by imposing the unconstitutional conditions set forth in ¶ 13(a)-(l).

44. The ABC Board has unconstitutionally burdened HRH Services LLC to exercise its rights to liberty, property, freedom of association, and freedom of speech to receive the benefit of the Liquor License. The ABC Board also unconstitutionally burdened Mr. Scahill's right to liberty, property, freedom of association, and freedom of speech through the unconstitutional conditions placed on HRH Services LLC's Liquor License.

45. Under the unconstitutional conditions doctrine, "even though a person has no 'right' to a valuable governmental benefit and even though the government may deny him the

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

benefit for any number of reasons, . . . [it] may not deny a benefit to a person on a basis that infringes his constitutionally protected interests." *Perry v. Sindermann*, 408 U.S. 593, 597 (1972).

46.     By conditioning HRH Services LLC's eligibility for the Liquor License on its willingness to limit its constitutional rights to liberty, property, freedom of association, and freedom of speech, Defendants have violated the unconstitutional conditions doctrine.

47.     Plaintiff has been injured by the imposition of the conditions on the Liquor License.  Plaintiff is the guarantor of the lease for the Alibi restaurant, and is exposed to hundreds of thousands of dollars of liability by the ABC Board's imposition and enforcement of the unconstitutional conditions placed on the Liquor License.  Plaintiff, having suffered injury as a result of the unconstitutional conditions placed on the Liquor, requests the Court to enjoin Defendants from enforcing the unconstitutional conditions on the Liquor License.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

(a)     Declaring that the conditions placed on the Liquor License as set forth in ¶ 13(a)-(l) are unconstitutional;

(b)     Enjoining the ABC Board to remove the conditions from the Liquor License;

(c)     Awarding Plaintiff compensatory damages;

(b)     Awarding Plaintiff punitive damages against John Does 1-10 for their outrageous, wanton, malicious and reckless conduct with no regard for the damage it would cause to Plaintiff;

(c)     Awarding Plaintiff costs, expenses and attorney's fees pursuant to 42 U.S.C. § 1988 and any other applicable law; and,

(e)     Awarding any other relief the Court deems just and proper.

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

Respectfully submitted,

/s/ Brendan J. Klaproth

Brendan J. Klaproth (D.C. Bar No. 999360)
Klaproth Law PLLC
406 5th Street NW, Suite 350
Washington, DC 20001
Telephone: 202-618-2344
Email: Bklaproth@klaprothlaw.com
*Attorney for Plaintiff*

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

- 14 -